F I L E D
CLERK OF COURT

2024 NOV 21 PM 2: 29

SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0002-21** |
| | GPD Report Nos. 20-32730 / 21-00012 |
| v. | |
| **ANTHONY FERNANDEZ REYES** (*aka* **TONY**), DOB: 06/23/1991 | **DECISION AND ORDER GRANTING THE PEOPLE'S MOTION TO REVOKE PROBATION** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 8, 2024, for a Revocation Hearing in the above-captioned matter related to Anthony Fernandez Reyes's (*aka* Tony's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Jacob Wagner. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

## BACKGROUND

On April 6, 2022, Defendant entered a deferred plea of guilty to Family Violence (as a Misdemeanor). See Order After Hearing (Apr. 28, 2022). The Court would later accept Defendant's plea and adjudicate him guilty on May 20, 2024 following Defendant's failures to abide by his probationary terms. See Judgment of Conviction (Nov. 6, 2024). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

Decision and Order Granting the People's Motion to Revoke Probation
CM0002-21, *People of Guam v. Anthony Fernandez Reyes*
Page 1 of 5

- **STAY AWAY FROM VICTIM:** Defendant shall stay away, directly, and indirectly from Peter Fernandez Reyes, Jr. ("Victim") and shall not contact the same by telephone, in writing, via email, via text message, through social media, via any electronic device, or through a third-party, including a family member or friend.

- **STAY AWAY FROM VICTIM:** Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of Victim, or any other specified place, and shall not come within five hundred (500) feet of the above specified places.

- **HARRASSING OR HARMING VICTIM:** Defendant shall not harass, threaten, physically strike, or injure Victim.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

On June 10, 2024, a Violation Report was filed informing the Court that Defendant had skipped several scheduled drug tests. See Ninth Violation Report (Jun. 10, 2024).

On September 25, 2024, another Violation Report was filed informing the Court that Defendant had violated the Victim's stay-away order and violently assaulted Victim with a series of punches to the head. See Tenth Violation Report (Sep. 25, 2024).

On October 11, 2024, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Oct. 11, 2024). Opposing the Motion, Defendant claims he retains the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Oct. 28, 2024).

On November 8, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Nov. 8, 2024).

## DISCUSSION

Decision and Order Granting the People's Motion to Revoke Probation
CM0002-21, *People of Guam v. Anthony Fernandez Reyes*
Page 2 of 5

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. The Victim's sworn written declaration details how Defendant violated the stay-away order by entering Victim's property and violently assaulting him.

Decision and Order Granting the People's Motion to Revoke Probation
CM0002-21, *People of Guam v. Anthony Fernandez Reyes*
Page 3 of 5

See Tenth Violation Report (Sep. 25, 2024). The Adult Probation Office records also show how Defendant skipped three scheduled drug tests over a month-long period. See Ninth Violation Report (Jun. 10, 2024).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant repeatedly violated the same probationary conditions over and over again, skipping multiple scheduled drug tests. Defendant also violated previous court orders by contacting Victim and violently assaulting Victim. This is especially concerning given that Defendant's probation was originally imposed for having committed Family Violence against the same Victim.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. This period of incarceration shall be served *consecutive* to Defendant's incarceration in **CM0277-21**. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___November 21, 2024___.

Decision and Order Granting the People's Motion to Revoke Probation
CM0002-21, *People of Guam v. Anthony Fernandez Reyes*
Page 4 of 5



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Motion to Revoke Probation
CM0002-21, *People of Guam v. Anthony Fernandez Reyes*
Page **5** of **5**